VALLECILLO, PLAINTIFF AND APPELLEE, *v.* VIDAL ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the First District Court of San Juan in Injunction Proceedings.

No. 3288.—Decided June 12, 1924.

SERVITUDE—ADJOINING PROPERTY.—If a house-owner who opens windows or constructs balconies or other projections in the wall of his house at less than two meters distance from the adjoining property at the same time erects

a wall obstructing the view and preventing the inspection of the adjoining property, it can not be concluded that section 589 of the Civil Code has been violated.

The facts are stated in the opinion.

*Messrs. J. Texidor* and *H. G. Molina* for the appellants.

*Mr. J. Sifre, Jr.,* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

The trial court issued a preliminary injunction ordering the defendant to discontinue certain work that he was doing on an urban property contiguous to property of the plaintiff. The complaint is based on section 589 of the Civil Code and is directed against the constructor of the work and the owner.

Said section 589 reads as follows:

"Sec. 589.—Windows with direct views, or balconies or any similar openings projecting over the tenement of a neighbor shall not be made if there is not a distance of two meters between the wall in which they are built and the said property.

"Neither can side or oblique views be opened over the said property, unless there be a distance of sixty centimeters."

The work being done is called by the plaintiff a balcony or terrace and the defendant alleges that it is a garden for the embellishment of his urban property, his principal defense being besides that considering the manner in which the work is being done it is not contrary to the provision of said section 589 of the Civil Code.

Whatever may be the nature of the construction it appears to have been begun at a distance of 70 centimeters from the dividing line between the two properties, calculating from the outer wall of the work.

Assuming, however, that the work being done is a balcony or terrace, direct views over the property of the plaintiff will be physically impossible when the wall is raised covering totally in its height and length the exterior space of the construction.

The plaintiff-appellee contends, however, that the construction of the wall in no way affects the applicability of said section 589. The main thing, he alleges, is the distance, whether or not there is an intermediate wall. The appellee cites in support of his theory Manresa and Scaevola, whose views are similar to his. However, in the commentaries of these writers on section 582 of the Spanish Civil Code, which is literally equivalent to the section of our code cited, serious doubts are raised as to what should be the real application of the statute.

Speaking of balconies and projections that do not have direct views and referring to an opinion similar to that maintained by the defendant, Manresa takes an opposite view and his reasoning is based simply on the fact that there is no provision in the code justifying such an opinion and that the distance can not be subject to ulterior occurrences and must be fixed when the views are constructed. On the other hand, Scaevola, although he concludes by concurring with Manresa, referring to the possible existence of a wall obstructing the view, says:

"The solution is questionable. If the purpose of the prohibition to build at a certain distance is that the adjoining tenement may not be seen, there is no fear of this when the owner of the building erects a wall; therefore, it seems that there should be no such restriction, inasmuch as when the cause terminates the effect disappears."

The logic of this reasoning seems to us the stronger. If the restriction or limitation of the statute has no other purpose than to prevent the view or inspection of a property by the neighbor, it is clear that the statutory distance must govern if direct views are maintained over the adjoining property; but, on the contrary, if it appears from the nature of the construction that there are no direct views because a wall obstructs them, the reason for the restriction has disappeared and the matter of distance is a secondary

question. On this point Scaevola asserts that the statute makes no distinction and whether or not there is an intermediate wall, the main thing is the distance. Scaevola arrives at this conclusion by a liberal construction of a restrictive statute, but in sound legal hermeneutics a provision of that character should be construed only strictly and can not be given an extent including matter clearly beyond the purpose of the statute in placing an express restriction upon the servitude of light and view, for not even the principle that analogous situations must be dealt with alike could apply, as the situations are very different.

The appellee, sustained by the authorities cited but departing perhaps from the real intention of the law-makers, insists that if the restraining order is not maintained the plaintiff will have no guaranty that the defendant will complete the wall or that it will not be destroyed later, in which case the plaintiff would have to bring another suit to protect a right which should have been respected from the start. This argument would have great strength if the injunction did not cover such future possibilities. The failure to complete the wall or its destruction after completion would be contingencies tacitly included in the injunction. Acts of that nature would amount to a disobedience of the writ of injunction, and if the preliminary writ should be made perpetual the defendant would be subject in the future by this proceeding to a restriction of all acts that might be contrary to the provisions of section 589 of the Civil Code.

For all of the foregoing reasons the restraining order of February 5, 1924, should be modified so as to allow the defendant to continue the work, providing that the wall obstructing the direct views over the property of the plaintiff be completed, the said injunction to remain in force for any of the cases foreseen in this opinion.

*Modified and affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.